UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                   :  Civil Nos.
                                   :  21 MC 97 (AKH)
                                   :  21 MC 101 (AKH)

IN RE SEPTEMBER 11 LITIGATION        :

              - and -           :  This Declaration relates to:
                                   :  03 CV 6803 (AKH)
                                   :  DANIELLE LEMACK, et al. v.
IN RE SEPTEMBER 11 PROPERTY DAMAGE AND  :  AMERICAN AIRLINES, INC.,
BUSINESS LOSS LITIGATION           :  et al.
                                   :
                                   :  **DECLARATION OF**
                                   :  <u>**DESMOND T. BARRY, JR.**</u>
------------------------------------------------------------------ X

       1.     I am an attorney and member of the law firm of Condon & Forsyth LLP,

co-counsel for defendants American Airlines, Inc. and AMR Corporation in this litigation and I

am fully familiar with all prior pleadings and proceedings.

       2.     I submit this declaration in support of the motion by defendants American

Airlines, Inc., AMR Corporation and Globe Aviation Services Corporation for an Order: (1)

approving the settlement; (2) entering final judgment pursuant to Rule 54(b) of the Federal Rules

of Civil Procedure; (3) ruling that the liability limitation contained in Section 408(a)(1) of the

Air Transportation Safety and System Stabilization Act applies to the settlement amount; and (4)

dismissing the Complaint with prejudice as to all defendants.

       3.     Annexed hereto as "Exhibit A" is a true and accurate copy of the executed

Confidential Stipulation of Settlement in *Lemack v. American Airlines, Inc., et al.*, 03 Civ. 6803

(AKH), with the settlement amount redacted.  An unredacted copy of the Confidential

Stipulation of Settlement is being filed with the Court under seal.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on September 25, 2007, at New York, New York.

Desmond T. Barry, Jr.

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
                                          :   No.: 21 MC 97 (AKH)
                                          :
IN RE SEPTEMBER 11 LITIGATION       :   **THIS DOCUMENT RELATES TO:**
                                          :   **03 CV 6803 (AKH)**
                                          :   **DANIELLE LEMACK, et al. v.**
                                          :   **AMERICAN AIRLINES, INC., et al.**
                                          :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>CONFIDENTIAL STIPULATION OF SETTLEMENT</u>

By and through their attorneys, Defendants AMERICAN AIRLINES, INC. (hereinafter "AMERICAN"), AMR CORPORATION (hereinafter "AMR") and GLOBE AVIATION SERVICES CORPORATION (hereinafter "GLOBE"), and Plaintiffs DANIELLE LEMACK, Individually and as Personal Representative and/or Administratrix of the Estate of JUDITH C. LAROCQUE, and CARIE LEMACK, Individually and Personal Representative and/or Administratrix of the Estate of JUDITH C. LAROCQUE and on behalf of all beneficiaries, survivors and heirs of JUDITH C. LAROCQUE, Deceased (hereinafter "PLAINTIFFS") hereby agree:

1.    In consideration of the sum of to be paid by the Insurers of AMERICAN and AMR, and the sum of to be paid by the Insurers of GLOBE, for a total of the payments to PLAINTIFFS of , PLAINTIFFS agree to release and discharge AMERICAN, AMR, GLOBE and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH), and agree to

1

execute a Confidential Release in the form attached hereto as "Exhibit 1".

PLAINTIFFS agree that the sum of

paid by the insurers of AMERICAN and AMR, shall be deducted from the settlement amount payable by AMERICAN and AMR.

2.    The parties to this Agreement recognize the legitimate interest of AMERICAN, AMR and GLOBE in ensuring that the full amounts paid pursuant to this Agreement count against the limits on their respective liability established by Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act ("ATSSSA"). AMERICAN, AMR, and GLOBE are not willing to enter into this Agreement absent that assurance. The parties therefore agree that:

(a)    AMERICAN, AMR and GLOBE shall have no obligations hereunder unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts paid hereunder count against the limits of liability established by Section 408(a)(1) of the ATSSSA; and

(b)    No settlement payments shall be made pursuant to this Agreement unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts to be paid hereunder count against the limits of liability established by Section 408(a)(1) of the ATSSSA.

3.    Within 21 days after execution of this Confidential Stipulation of Settlement, AMERICAN, AMR, and GLOBE shall seek from the United States District Court for the Southern District of New York or an appropriate federal appellate court the non-appealable

2

determination described in paragraph "2". The parties agree, and PLAINTIFFS specifically consent, that the motion for the non-appealable final determination will include a request that the Court dismiss with prejudice all proceedings by PLAINTIFFS against AMERICAN, AMR and GLOBE, and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH), including without limitation each of the defendants listed in "Appendix A" to the Confidential Release in the form attached hereto as "Exhibit 1" ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees, agents, heirs, executors, administrators, successors and assigns.

4.    Following execution of this Confidential Stipulation of Settlement, PLAINTIFFS shall submit to Judge Alvin K. Hellerstein a Motion for a Compromise Order approving the settlement and the distribution of the settlement proceeds and authorizing PLAINTIFFS to execute and deliver a Confidential Release in the form attached hereto as "Exhibit 1".

5.    Upon receipt of authorization from the Court, PLAINTIFFS shall deliver to AMERICAN, AMR and GLOBE an executed Confidential Release in the form attached hereto as "Exhibit 1". The execution of said Confidential Release does not preclude the PLAINTIFFS from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of JUDITH C. LAROCQUE as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-01616, United States District Court, District of Columbia (JR); *In Re Terrorist Attacks on September 11, 2001*, 03 MDL 1570; and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:03-CV-09849, United States District Court, Southern District of New York (RCC).

6.    Subject to compliance with all conditions set forth above, within 30 days after the

3

non-appealable determination described in paragraphs "2" and "3" is issued or within 30 days after receipt by counsel for AMERICAN, AMR and GLOBE of the executed Confidential Release, whichever is later, AMERICAN, AMR and GLOBE's insurers will pay to PLAINTIFFS the settlement funds as indicated in the Confidential Release. In the event that a court of competent jurisdiction declines to enter the final non-appealable determination referenced in paragraphs "2" and "3", this Confidential Stipulation of Settlement shall be void, and PLAINTIFFS shall be entitled to reinstate their case against the RELEASEES.

7.    The parties acknowledge that this Agreement is entered into solely for the purpose of amicably resolving the parties' dispute and the parties specifically acknowledge and agree that this Agreement does not constitute an admission of liability by any party.

8.    This Agreement and the performance thereunder shall be governed by and construed under the laws of the State of New York, without giving effect to its conflict of law provisions that would result in the application of the law of any other jurisdiction.

9.    This Agreement may not be modified orally and can only be modified by means of a written agreement signed by the PLAINTIFFS, AMERICAN, AMR and GLOBE.

10.    The amount of the payments under this settlement shall remain confidential. Dissemination of the amount of payments under this settlement shall be restricted to only the parties, their attorneys, employees, agents, and insurance representatives who have a need to know the amount of the settlement and to any court referenced in paragraphs "2" and "3". No party, attorney, employee, agent or insurance representative of a party shall disclose the settlement amount unless required to do so by court order.

4

11.    This Agreement may be executed in counterparts.

Dated: New York, New York
        This 6th day of September 2007.


MOTLEY RICE LLC                          CONDON & FORSYTH LLP

By: _Mary Schiavo_                       By: _____
     Mary F. Schiavo ( )                      Desmond T. Barry, Jr. (DB 8060)

28 Bridgeside Blvd                        Times Square Tower
PO Box 1792                               7 Times Square
Mt. Pleasant, SC 29465                    New York, New York  10036
(843) 216-9000                            Tel.: (212)490-9100
                                          Fax: (212)370-4483

-and-                                     -and-

HANLY & CONROY, LLP                       DEBEVOISE & PLIMPTON LLP
415 Madison Avenue                        919 Third Avenue
New York, NY 10017                        New York, New York  10022
(212) 401-7600                            Tel.: (212)909-6000
                                          Fax: (212)909-6836
Attorneys for Plaintiffs
DANIELLE LEMACK and CARIE LEMACK          Attorneys for Defendants
                                          AMERICAN AIRLINES, INC. and
                                          AMR CORPORATION

JONES, HIRSCH, CONNORS & BULL P.C.

                                          GLOBAL AEROSPACE UNDERWRITING
                                          MANAGERS
By: _____
     James P. Connors (JC 5421)

                                          By: _____
One Battery Park Plaza                         John P. Meehan
New York, New York 10004
Tel: (212) 527-1000
Fax: (212) 527-1680                       For and on behalf of the insurers for
                                          AMERICAN AIRLINES, INC. and AMR
-and-                                     CORPORATION

Paul V. Kelly
KELLY, LIBBY & HOOPES, P.C.
175 Federal Street
Boston, Massachusetts  02110
Tel.: (617) 338-9300
Fax: (617) 338-9911

                                   5

11.    This Agreement may be executed in counterparts.

Dated: New York, New York
   This _6th_ day of _September_ 2007.

MOTLEY RICE LLC

By: _Mary Schiavo_
   Mary F. Schiavo (    )

28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
(843) 216-9000

-and-

HANLY & CONROY, LLP
415 Madison Avenue
New York, NY 10017
(212) 401-7600

Attorneys for Plaintiffs
DANIELLE LEMACK and CARIE LEMACK

JONES, HIRSCH, CONNORS & BULL P.C.

By: _James P. Connors_
   James P. Connors (JC 5421)

One Battery Park Plaza
New York, New York 10004
Tel: (212) 527-1000
Fax: (212) 527-1680

-and-

Paul V. Kelly
KELLY, LIBBY & HOOPES, P.C.
175 Federal Street
Boston, Massachusetts 02110
Tel.: (617) 338-9300
Fax: (617) 338-9911

CONDON & FORSYTH LLP

By: _____
   Desmond T. Barry, Jr. (DB 8066)

Times Square Tower
7 Times Square
New York, New York 10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION

GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By: _____
   John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and AMR
CORPORATION

5

11.    This Agreement may be executed in counterparts.

Dated: New York, New York
       This ____ day of _____, 2007.


MOTLEY RICE LLC                          CONDON & FORSYTH LLP


By:_____              By:_____
   Mary F. Schiavo (    )                   Desmond T. Barry, Jr. (DB 8066)

28 Bridgeside Blvd                       Times Square Tower
PO Box 1792                              7 Times Square
Mt. Pleasant, SC 29465                   New York, New York  10036
(843) 216-9000                           Tel.: (212)490-9100
                                         Fax: (212)370-4483
-and-
                                         -and-
HANLY & CONROY, LLP
415 Madison Avenue                       DEBEVOISE & PLIMPTON LLP
New York, NY 10017                       919 Third Avenue
(212) 401-7600                           New York, New York  10022
                                         Tel.: (212)909-6000
Attorneys for Plaintiffs                 Fax: (212)909-6836
DANIELLE LEMACK and CARIE LEMACK
                                         Attorneys for Defendants
                                         AMERICAN AIRLINES, INC. and
JONES, HIRSCH, CONNORS & BULL P.C.       AMR CORPORATION


                                         GLOBAL AEROSPACE UNDERWRITING
By:_____               MANAGERS
   James P. Connors (JC 5421)
                                         By:_____
One Battery Park Plaza                      John P. Meehan
New York, New York 10004
Tel: (212) 527-1000                      For and on behalf of the insurers for
Fax: (212) 527-1680                      AMERICAN AIRLINES, INC. and AMR
                                         CORPORATION
-and-

Paul V. Kelly
KELLY, LIBBY & HOOPES, P.C.
175 Federal Street
Boston, Massachusetts  02110
Tel.: (617) 338-9300
Fax: (617) 338-9911

                              5

-and-

Gary W. Westerberg
LORD, BISSELL & BROOK
Suites 2600-3600
Harris Bank Building
115 South LaSalle Street
Chicago, Illinois 60603
Tel.: (312) 443-0700
Fax: (312) 443-0336

Attorneys for Defendant
GLOBE AVIATION SERVICES
CORPORATION

AIG AVIATION, INC., as aviation manager
for NATIONAL UNION FIRE INSURANCE
COMPANY of PITTSBURGH,
PENNSLVANIA

By: _____
    Mark Breitenbach

Insurance company for GLOBE AVIATION
SERVICES CORPORATION

EMPLOYERS INSURANCE OF WAUSAU,
A MUTUAL COMPANY

By: _____
    Patricia Aurichio

Insurance company for GLOBE AVIATION
SERVICES CORPORATION

6

-and-

Gary W. Westerberg
LORD, BISSELL & BROOK
Suites 2600-3600
Harris Bank Building
115 South LaSalle Street
Chicago, Illinois 60603
Tel.: (312) 443-0700
Fax: (312) 443-0336

Attorneys for Defendant
GLOBE AVIATION SERVICES
CORPORATION

AIG AVIATION, INC., as aviation manager
for NATIONAL UNION FIRE INSURANCE
COMPANY of PITTSBURGH,
PENNSYLVANIA

By:_____
     Mark Breitenbach

Insurance company for GLOBE AVIATION
SERVICES CORPORATION

EMPLOYERS INSURANCE OF WAUSAU,
A MUTUAL COMPANY

By: _____
     Patricia Aurichio

Insurance company for GLOBE AVIATION
SERVICES CORPORATION

6

**Exhibit 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
              :
              :   No.: 21 MC 97 (AKH)
              :
IN RE SEPTEMBER 11 LITIGATION   :   **THIS DOCUMENT RELATES TO:**
              :   **03 CV 6803 (AKH)**
              :   **DANIELLE LEMACK, et al. v.**
              :   **AMERICAN AIRLINES, INC., et al.**
              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>CONFIDENTIAL RELEASE</u>

DANIELLE LEMACK, Individually and as Personal Representative and/or Administratrix of the Estate of JUDITH C. LAROCQUE, and CARIE LEMACK, Individually and Personal Representative and/or Administratrix of the Estate of JUDITH C. LAROCQUE and on behalf of all beneficiaries, survivors and heirs of JUDITH C. LAROCQUE, Deceased, as RELEASORS, and in consideration of the sum of

to be paid by the Insurers of AMERICAN AIRLINES, INC. (hereinafter, "AMERICAN") and AMR CORPORATION (hereinafter, "AMR"), and the sum of

to be paid by the Insurers of GLOBE AVIATION SERVICES CORPORATION (hereinafter, "GLOBE"), for a total of the payments to RELEASOR of

, hereby release and discharge AMERICAN, AMR, GLOBE, and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH), including without limitation each of the defendants listed in "Appendix A" hereto ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees,

**EXHIBIT 1**

agents, heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, trespasses, damages, judgments, executions, claims, and demands whatsoever, in law, admiralty or equity, which the RELEASORS, RELEASORS' heirs, executors, administrators, successors and/or assigns ever had, now have or hereafter can, shall or may, have against the RELEASEES for, upon, or by reason of any matter, cause, or thing whatsoever relating to or arising out of the following: wrongful death of and personal injuries to JUDITH C. LAROCQUE, whether assertable by the heirs or personal representatives of JUDITH C. LAROCQUE, or by any other person or entity entitled by law to recover damages as a result of the death of or personal injury to JUDITH C. LAROCQUE, and whether characterized as wrongful death claims, survival or survivorship claims, personal injuries or otherwise; loss of or damage to the baggage, personal effects, or other property of JUDITH C. LAROCQUE; amounts paid by JUDITH C. LAROCQUE for transportation; and any and all other losses, damages and/or injuries relating to or arising out of JUDITH C. LAROCQUE having been a passenger on American Airlines Flight 11 on September 11, 2001 (hereinafter, "the death of JUDITH C. LAROCQUE") from the beginning of the world to the day of the date of this RELEASE.

RELEASORS agree that the sum of paid by the insurers of AMERICAN and AMR, shall be deducted from the settlement amount payable by AMERICAN and AMR.

FOR AND IN FURTHER CONSIDERATION of the payments described above, the RELEASORS agree as follows:

2

**EXHIBIT 1**

1.      The RELEASORS agree to protect, indemnify, and hold harmless RELEASEES from and against all actions, causes of action, remedies, suits, debts, covenants, contracts, controversies, agreements, promises, damages (including, but not limited to, pecuniary, non-pecuniary, moral, patrimonial, compensatory and punitive damages), liabilities, judgments, executions, claims, demands of whatsoever nature, known and unknown (including, but not limited to, liens or liabilities of whatsoever nature, including without limitation, those relating to or arising out of any workers' compensation payments and those that may arise by reason of the legal or tax consequences of this Confidential Release), and all costs and expenses (including, but not limited to, reasonable attorneys' fees) in defending any such actions, etc., brought against RELEASEES by anyone claiming by, through, or under RELEASORS, relating to or arising out of the death of JUDITH C. LAROCQUE whether anticipated or unanticipated, however caused and whether by sole, joint, or concurrent negligence, strict liability, treaty liability, Intercarrier Agreement liability, contractual liability, or otherwise of RELEASEES.

2.      RELEASORS recognize, acknowledge, and accept that there is a risk that, after the execution of this Confidential Release, (a) RELEASORS will claim or suffer personal bodily discomfort, emotional distress, or economic loss that are in some way caused by or related to the death of JUDITH C. LAROCQUE, but which are unknown and unanticipated at the time this Confidential Release is executed; (b) the damages presently known may be or may become more extensive than RELEASORS now expect or anticipate; and (c) the laws governing what damages are available to them may change.   RELEASORS accept these risks, and this Confidential Release shall apply to all unknown and unanticipated results of the death of JUDITH C. LAROCQUE as well as those known and anticipated.   The provisions of any local, state, federal,

or foreign law, statute, or judicial decision providing in substance that releases shall not extend to unknown or unanticipated claims, damages, or injuries are hereby expressly waived.

3.    The payments described above and the execution of this Confidential Release are the result of a compromise of disputed claims and shall not at any time for any purpose be considered as an admission of liability, responsibility, or proportionate responsibility of RELEASEES for any wrongdoing, negligence, or other culpable conduct in connection with the death of JUDITH C. LAROCQUE.  RELEASORS acknowledge that RELEASEES expressly continue to deny and disclaim such liability and responsibility and intend merely to avoid further litigation and buy their peace.  This Confidential Release is a final and full settlement of all claims against RELEASEES and shall not be subject to any claim of mistake of fact or law by RELEASORS.

4.    The amount of the payments of the settlement shall remain confidential.  The parties shall not disclose the amount of the payments of the settlement agreement, except to the parties, their attorneys, employees, agents, and insurance representatives who have a need to know the amount of the settlement, and to any court of competent jurisdiction.  No party, attorney, employee, agent or insurance representative of a party shall disclose the amount of the settlement payments unless required to do so by court order.

5.    RELEASORS represent and warrant that they are not relying on the advice of the RELEASEES, or anyone associated with them, as to legal, tax (income, estate, gift, or otherwise), or other consequences of any kind arising out of this Confidential Release; that they have not relied on any representations or statements, written or oral, of RELEASEES, including but not limited to, any factual representation regarding the death of JUDITH C. LAROCQUE except those set forth in this Confidential Release; and that they are knowingly and voluntarily

signing this Confidential Release and are not subject to duress, coercion, or undue influence by the RELEASEES or anyone else.

6.     RELEASORS represent and warrant that they have not filed, will not file, or cause to be filed, any other actions, causes of action, suits, claims, or demands, of any nature whatsoever, arising from or relating to the death of JUDITH C. LAROCQUE in any court or tribunal, or with any adjudicatory, legislative, executive or other governmental or private body or agency anywhere in the U.S. or abroad against RELEASEES.  This Confidential Release does not preclude the RELEASORS from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of JUDITH C. LAROCQUE as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-01616, United States District Court, District of Columbia (JR); *In Re Terrorist Attacks on September 11, 2001*, 03 MDL 1570; and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:03-CV-09849, United States District Court, Southern District of New York (RCC).

7.     RELEASORS understand that they have the right to obtain legal counsel to review and evaluate this Confidential Release, and RELEASORS attest that they have done so or agreed to waive this right.  RELEASORS further understand and agree that they shall be responsible for the payment of all expenses arising from and in connection with any matters related to the death of JUDITH C. LAROCQUE other than any expenses previously paid for by the RELEASEES, and that RELEASORS shall be responsible for the payment of any attorneys' fees and legal expenses that they have incurred or may incur.  RELEASORS further agree that statutes providing for payment of interest, costs or expenses with respect to settlement proceeds in this action are inapplicable.

8.    RELEASORS represent and warrant that they will satisfy all outstanding workers' compensation liens, medical liens, attorneys' fees liens, and all other liens, if any, from the proceeds of this settlement.

9.    This Confidential Release and the performance thereunder, shall be governed by and construed under the laws of the State of New York, without giving effect to its conflicts of law provisions that would result in the application of the law of any other jurisdiction.

10.    This Confidential Release may not be modified orally and can only be modified by means of a written agreement signed by the RELEASORS, AMERICAN, AMR, and GLOBE.

11.    This Confidential Release can be executed in multiple originals.

In witness whereof, the RELEASOR has hereunto set RELEASOR'S hand and seal on the _____ day of _____, 2007.

_____
DANIELLE LEMACK, RELEASOR

STATE OF _____ )
                                              ) ss.:
COUNTY OF _____ )

On _____, 2007, before me personally came DANIELLE LEMACK, to me known, and known to me to be the individual described herein, and who executed the foregoing CONFIDENTIAL RELEASE, and duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

**EXHIBIT 1**

In witness whereof, the RELEASOR has hereunto set RELEASOR'S hand and seal on the _____ day of _____, 2007.

_____
CARIE LEMACK, RELEASOR

STATE OF _____  )
                          ) ss.:
COUNTY OF _____    )

On _____, 2007, before me personally came CARIE LEMACK, to me known, and known to me to be the individual described herein, and who executed the foregoing CONFIDENTIAL RELEASE, and duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

## APPENDIX A

AEROFLOT, a Russian corporation;

AIR CANADA

AIR FRANCE, a French corporation

AIR JAMAICA, a Jamaican corporation

AIR TRANSPORT ASSOCIATION OF AMERICA, INC.

AIRTRAN AIRLINES

ALASKA AIRLINES, INC.

AMERICA WEST AIRLINES, INC.

AMERICAN AIRLINES, INC.

AMERICAN EAGLE AIRLINES

AMERICAN TRANS AIR, INC.

AMR CORPORATION

ANA, a Japanese corporation

ARGENBRIGHT SECURITY, INC.

ATA AIRLINES, INC.

ATLANTIC COAST AIRLINES, INC.

AUSTRIAN AIRLINES, an Austrian corporation

BARKSHIRE, INC.

BRITISH AIRWAYS, a United Kingdom corporation

BRITISH MIDLAND AIRWAYS, LTD, a United Kingdom corporation

BURNS INTERNATIONAL SECURITY SERVICES CORP.

BURNS INTERNATIONAL SERVICES CORP.

**EXHIBIT 1**

BWIA INTERNATIONAL AIRWAYS, a Trinidad/Tobago corporation

CAPE AIR

CITY OF PORTLAND, MAINE

COLGAN AIR, INC.

CONTINENTAL AIRLINES, INC.

DELTA AIR LINES INC.

DELTA EXPRESS

EMERY ROTH AND PARTNERS LLC d/b/a EMERY ROTH & SONS

ETHIOPIAN AIRLINES S.C.

FRONTIER AIRLINES, INC.

GLOBE AVIATION SERVICES CORPORATION

GLOBE AIRPORT SECURITY SERVICES, INC.

HEIMANN SYSTEMS CORP.,

HUNTLEIGH USA CORP.

ICTS INTERNATIONAL NV

INVISION TECHNOLOGIES, INC.

JETBLUE

KLM, a Dutch corporation

KOREAN AIRLINES

L-3 COMMUNICATIONS CORPORATION

L-3 COMMUNICATIONS CORPORATION SECURITY AND DETECTION SYSTEMS

L-3 COMMUNICATIONS HOLDINGS, INC.

LESLIE E. ROBERTSON ASSOCIATES

**EXHIBIT 1**

LUFTHANSA, a German corporation

MAGNUSSON KLEMENCIC ASSOCIATES

MASSACHUSETTS PORT AUTHORITY

METROPOLITAN WASHINGTON AIRPORT AUTHORITY

MIDWEST EXPRESS AIRLINES

MINORU YAMASAKI ASSOCIATES

NATIONAL AIRLINES

NORTHWEST AIRLINES

PAN AMERICAN AIRWAYS

PINKERTON'S, INC.

PORT AUTHORITY OF NEW YORK & NEW JERSEY

QANTAS AIRWAYS LIMITED

QUANTUM MAGNETICS, INC.

SAUDI ARABIAN AIRLINES, a Saudi Arabian corporation

SCANDINAVIAN AIRLINES SYSTEM, SAS, a Swedish corporation

SECURICOR PLC

SECURITAS AB

SILVERSTEIN PROPERTIES, INC.

SKILLING WARD MAGNUSSON

SWISS, a Swiss corporation

SWISSAIR TRANSPORT COMPANY

TACA INTERNATIONAL AIRLINES, an El Salvador corporation

TEM ENTERPRISES d/b/a CASINO EXPRESS

10                                    **EXHIBIT 1**

THE BOEING COMPANY

TISHMAN REALTY & CONSTRUCTION CO., INC.

UAL CORPORATION

UNITED AIR LINES, INC.

US AIRWAYS, INC.

VIRGIN ATLANTIC AIRWAYS LTD, a United Kingdom corporation

WORLD TRADE CENTER PROPERTIES LLC

**EXHIBIT 1**

NYOFFICE 667842v1